Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7623 | **DATE** | 5/4/2000 |
| **CASE TITLE** | Ty Inc. vs. Keene Ventures Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Judgment is entered in favor of the plaintiff and against the defendant. Enter Final Consent Decree.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 0 4 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | 6 |
| | Mail AO 450 form. | | S.B. docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TY INC., <br><br> Plaintiff, <br><br> v. <br><br> KEENE VENTURES INC., ALL STAR GAMES and MILES E. KEENE, <br><br> Defendants. | Civil Action No.: 99 C 7623 <br><br> Judge George W. Lindberg <br><br> Magistrate Judge Schenkier |

DOCKETED
MAY 0 4 2000

## FINAL CONSENT DECREE

Upon the consent and agreement of Plaintiff, Ty Inc. ("Ty" or "Plaintiff"), and Defendants, Keene Ventures Inc., All Star Games and Miles E. Keene, ("Defendants"), to the entry of a Final Consent Decree, and the Court being fully and sufficiently advised in the premises:

WHEREAS, Plaintiff contends in its Complaint that Defendants have created, produced, manufactured distributed, and/or sold amusement games that violate Ty's rights under the copyright laws, 17 U.S.C. § 101 *et seq.*, constitute trademark infringement, unfair competition, and trademark dilution under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and constitute unfair competition and deceptive trade practices under state common law (collectively "Accused Products");

AND WHEREAS, the parties desire to finally settle and resolve any and all matters in dispute between them in relation to the above-captioned litigation.

IT IS THEREFORE HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the subject matter of this action. Defendants hereby consent to the personal jurisdiction of this Court, agree that venue is proper in this

District, and waive any objection they may have with regard to personal jurisdiction, venue or service of process.

2. Ty is the owner of the trademarks set forth in Paragraph 11 of the Complaint in this action, and Ty is also the owner of the numerous United States copyright registrations as set forth in paragraph 12 of the Complaint in this action.

3. Defendants, and their principals, officers, agents, servants, employees, attorneys, and those persons under their control or in active concert or participation with Defendants are hereby permanently enjoined from manufacturing, importing, distributing, displaying, advertising, promoting, selling or offering for sale products that feature Ty's copyrighted property or trademarks, including but not limited to the Accused Products at issue in the above-captioned litigation between the parties. Defendants, and their principals, officers, agents, servants, employees, attorneys, and those persons under their control or in active concert or participation with Defendants are also hereby permanently enjoined from operating internet web sites that are directed to Ty's BEANIE BABIES plush toys or that use Ty's trademarks or photographs of Ty's copyrighted plush toys.

4. Within 30 days of the entry of this Final Consent Decree, Defendants shall destroy all Accused Products that remain in their possession and/or control. Upon destruction of the Accused Products pursuant to this paragraph, Defendants shall certify in writing, to Ty's undersigned counsel that such destruction has taken place.

5. Except for any matters arising out of a violation of this Final Consent Decree, Ty does hereby release Defendants, including any parents, predecessors, subsidiaries, divisions or associated organizations, and also including any of its present or past officers, employees, agents, attorneys, servants, and/or representatives, from any and all actions and causes of action, claims, demands, damages, attorneys' fees, costs, loss of services, expenses, compensation, suits,

debts, documents, bonds, covenants, contracts, agreements and judgments of whatsoever kind, at law or in equity, which were asserted or could have been asserted in this action, whether known or unknown, that Ty has or may have against the Defendants arising out of the manufacture, marketing, sale, distribution, advertisement or display of the Accused Products.

8. Except for any matters arising out of a violation of this Final Consent Decree, Defendants do hereby release Ty, including any subsidiaries, divisions or associated organizations, and also including any of its present or past officers, employees, agents, attorneys, servants, and/or representatives, from any and all actions and causes of action, claims, demands, damages, attorneys' fees, costs, loss of services, expenses, compensation, suits, debts, documents, bonds, covenants, contracts, agreements and judgments of whatsoever kind, at law or in equity, which were asserted or could have been asserted in this or any other action, whether known or unknown, that Defendants have or may have against the Ty arising out of the manufacture, marketing, sale, distribution, advertisement or display of the Accused Products.

9. In any action to enforce this Final Consent Decree or any matter arising out of a violation of this Final Consent Decree, the prevailing party shall recover its costs and attorneys fees.

10. This Final Consent Decree shall bind and inure to the benefit of all parties hereto, and all their assigns and successors in interest.

11. This Final Consent Decree may be signed in counterparts, and the various counterparts shall be and constitute one instrument for all purposes. For convenience, the several signature pages of the counterparts may be collected and annexed to one document to form a completely executed agreement. Facsimile signatures shall be treated as original signatures.

12. The Complaint in this action is dismissed with prejudice, with each party to bear its own fees and costs.

13. This Final Consent Decree represents the entire understanding between the parties hereto with regard to the matters set forth in this Final Consent Decree. There are no other oral or written representations, warranties, agreements, arrangements or undertakings between the parties that are not fully expressed in this Final Consent Decree. Any amendment or modification to this Final Consent Decree must be made in writing and signed by the parties.

14. The waiver by one party of any breach of this Final Consent Decree by the other party shall not be deemed a waiver of any other prior or subsequent breach of this Final Consent Decree.

15. This Court shall retain jurisdiction over the parties to this action for the purpose of enforcing the terms of this Consent Decree.

**APPROVED AS TO FORM:**

*Michael Bondi*

A. Sidney Katz, Esq.
James P. White, Esq.
Laurie A. Haynie, Esq.
Michael A. Bondi, Esq.
WELSH & KATZ, LTD.
120 S. Riverside Plaza • 22nd Floor
Chicago, IL 60606

For and on behalf of the Plaintiff, Ty Inc.

**APPROVED AS TO FORM:**

_____

Miles E. Keene
2951 Marina Bay Drive #130-P347
League City, TX 77573

For and on behalf of Defendants, Keene Ventures Inc., All Star Games and Miles E. Keene

ENTERED THIS 3d DAY OF May, 2000

THE HONORABLE GEORGE W. LINDBERG
UNITED STATES DISTRICT COURT JUDGE

4

Keene Ventures          1+281+538+3126          P.01

*[handwritten annotations at top: "ASK", "Michael A. Bondi", "Welsh & Katz LTD"]*

13. This Final Consent Decree represents the entire understanding between the parties hereto with regard to the matters set forth in this Final Consent Decree. There are no other oral or written representations, warranties, agreements, arrangements or undertakings between the parties that are not fully expressed in this Final Consent Decree. Any amendment or modification to this Final Consent Decree must be made in writing and signed by the parties.

14. The waiver by one party of any breach of this Final Consent Decree by the other party shall not be deemed a waiver of any other prior or subsequent breach of this Final Consent Decree.

15. This Court shall retain jurisdiction over the parties to this action for the purpose of enforcing the terms of this Consent Decree.

**APPROVED AS TO FORM:**

_____
A. Sidney Katz, Esq.
James P. White, Esq.
Laurie A. Haynie, Esq.
Michael A. Bondi, Esq.
WELSH & KATZ, LTD.
120 S. Riverside Plaza • 22nd Floor
Chicago, IL 60606

For and on behalf of the Plaintiff, Ty Inc.

**APPROVED AS TO FORM:**

*[signature] Miles E. Keene* NOTE

Miles E. Keene
2951 Marina Bay Drive #130-P347
League City, TX 77573

For and on behalf of Defendants, Keene Ventures Inc., All Star Games and Miles E. Keene

ENTERED THIS ___ DAY OF April, 2000

_____
THE HONORABLE GEORGE W. LINDBERG
UNITED STATES DISTRICT COURT JUDGE

*[handwritten note at bottom left: "I am signing this because they (Mike) tell me if I don't — Ty will get a judgement against me for Default — I am not designer, manufacturer, I never made or had any money in goods. MK"]*

4